

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 14, 1971

Dr. J. W. Edgar                           Opinion No. M-950
Commissioner of Education
Texas Education Agency                    Re: Questions relating to bid-
201 East 11th Street                          lease procedure under
Austin, Texas                                 Section 21.901, Texas Edu-
                                              cation Code.

Dear Dr. Edgar:

You have requested our opinion as to whether a lease con-
tract by the Dallas Independent School District for a computer
is required by the provisions of Sec. 21.901, Texas Education
Code,[1] to be awarded on competitive bids or whether such contract
may be entered into on a negotiated basis, whereby the best offer
might be obtained from prospective lessors.

Our opinion is that such a contract may be entered into on a
negotiated basis and is not required to be awarded on competitive
bids. Our conference with officials of the Dallas Independent
School District convinces us that the proposed contract is in fact
a lease and not a purchase contract.

Section 20.48 of the Texas Education Code[2] authorizes certain
expenditures from the public free school funds. Subdivision (c)
of this Section, in its pertinent portion, reads as follows:

"(c) Local school funds from district taxes,
tuition fees of pupils not entitled to free tuition
and other local sources may be used for the purposes

1.  Derived from Art. 2752a, V.C.S.
2.  Derived from Art. 2827, V.C.S.

-4649-

enumerated for state and county funds and for
purchasing appliances and supplies, for the payment
of insurance premiums, janitors and other employees,
for buying school sites, buying, building and repair-
ing and renting school houses, <u>and for other purposes
necessary in the conduct of the public schools to be
determined by the board of trustees</u> . . ." (Emphasis
added.)

Our opinion is that this subdivision, in its underscored
portion, authorizes the board of trustees, in its discretion, to
lease the computer. We find only one case construing this Section
being <u>City of Garland v. Garland I.S.D.</u>, 468 S.W.2d 110 (Dallas
Civ.App. 1971). An appeal of this decision is pending in the
Texas Supreme Court under the same style, their No. B-2858.
The Court of Civil Appeals held that this Section authorized the
board of trustees of the district to determine whether school
funds should be used for paving public streets abutting its school
properties.

Section 21.901 of the Texas Education Code is the controlling
statutory provision relating to competitive bidding; its relevant
portion is subdivision (a) which reads as follows:

"(a)  All contracts proposed to be made by any Texas
public school board for the <u>purchase</u> of any personal
property shall be submitted to competitive bidding when
said property is valued at $1,000 or more." (Emphasis
added.)

The competitive bidding statute is limited to "purchases." A
purchase involves a sale and transmission of the ownership and
title to property from one person or entity to another. 73 CJS
207, Property, Sec. 15b(1). It does not necessarily include or
comprehend a mere leasing or renting of property. Contracts for
the renting of real property or the hire or renting of chattels
or personalty are not generally considered within the provisions
requiring contracts for work, supplies, or materials to be let upo
competitive bidding. See: 43 Am.Jur. 769, Public Works and Con-
tracts, Section 27; <u>Ambrozich v. Eveleth</u>, 200 Minn. 473, 274
N.W. 635 (Minn.Supp. 1937), 112 A.L.R. 269, wherein it was held

that a lease of real property by a municipality is not comprehended within the requirement for advertising for competitive bids for purchases of property, labor, materials, etc.; <u>Scott v. Bloomfield</u>, 94 N.J. Super.592,229 A.2d 667 (1967), wherein it was held that public advertisement required of a municipality for the sale of land or any interest therein did not include a lease. The Court, in the case last cited, said, 229A.2d at 673:

> "...There is no reference in this statute to leasing, nor does the word lease appear.

> "A sale of property is fundamentally different from a lease since a sale transfers ownership, which includes both title and right to possession, while a lease grants only the use and enjoyment of the thing leased. 51 C.J.S. Landlord and Tenant, Sec. 202."

Our opinion is supported by the further general powers of the board of trustees set forth in other provisions of the Code, namely, Subchapter B. entitled, "Powers and Duties of Trustees," and the first two sections thereof:

Section 23.25 reads:

> "The board of trustees of an independent school district shall have the powers and duties described in this subchapter, in addition to any other powers and duties granted or imposed by this code or by law."

Section 23.26, in its relevant portions, reads as follows:

> "(a) The trustees shall constitute a body corporate and in the name of the school district may <u>acquire</u> and hold real and personal property, . . .

> ". . .

> "(c) All rights and titles to the school property of the district, whether real or personal, shall be vested in the trustees and their successors in office.

> "..." (Emphasis added.)

Subsequent to receiving this opinion request, we asked the Dallas Independent School District to furnish us certain information concerning the term and expiration date of the proposed lease.  In response to our inquiry, Dr. Nolan Estes, General Superintendent of the Dallas Independent School District, made the following statement in a letter dated September 8, 1971:

> "The DISD would like to lease a computer system and related support services beginning as sdon as possible and terminating August 31, 1972.  We do not intend to commit funds nor otherwise obligate the District beyond this current fiscal year.  Any contract developed would expire August 31, 1972, and would require specific Board of Education action to renew the lease for each subsequent year."

Since this lease terminates at the end of the current fiscal year (August 31, 1972), it is our further opinion that the lease does not contravene the provisions of Section 52 of Article III of the Texas Constitution, which prohibit a county, city, town or other political corporation or subdivision of the State from lending its credit.

## S U M M A R Y

> The Dallas Independent School District is authorized to negotiate a lease contract for a computer without competitive bids. Arts. 20.48 and 2ῼ.901, Texas Education Code.
>
> This lease terminates at the end of the current fiscal year, August 31, 1972. Therefore, it does not violate the provisions

of Section 52 of Article III of the Texas Constitution, which prohibits school districts and other subdivisions of the State from lending their credit.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
James McCoy
John Reeves
Jerry Roberts
Marietta Payne

SAM McDANIEL
Acting Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant